**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RUBY POOLE, WARREN POOLE, and ROBERT SAVAGE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-6921**<br>**c/w 18-6961** |
| **DENNIS POPPELL, U.S. XPRESS ENTERPRISES, INC., ABA INSURANCE COMPANY, and USAA CASUALTY INSURANCE COMPANY** | **SECTION: "B"(2)**<br>*Pertains to both cases* |

# ORDER & REASONS

**IT IS ORDERED** that Ruby Poole's opposed Motion to Remand is **GRANTED** and this case is remanded to the Civil District Court for the Parish of Orleans. See Rec. Docs. 10, 15, 29.

On June 11, 2018 Ms. Ruby Poole (Ms. Poole) filed suit in Orleans Parish Civil District Court for multiple injuries allegedly caused by Mr. Dennis Poppell (Poppell) while he was operating a U. S. Xpress Enterprises, Inc. (USX) 18-wheeler in a negligent manner on June 13, 2017. Ms. Poole asserts claims against Poppell, USX, its liability insurer, and USAA in its capacity as Ms. Poole's underinsured motorist carrier. Shortly after the latter lawsuit was filed, a new lawsuit was filed in the same state court by Mr. Warren Poole (Mr. Poole) and Mr. Robert Savage (Savage) for alleged injuries they sustained as guest passengers in Ms. Poole's car based on the same June 13, 2017 accident. In addition to asserting similar claims against Poppell,

1

USX, and its liability insurer, Mr. Poole and Savage specifically assert negligence claims directly against Ms. Poole and her insurer, USAA, claiming all defendants are liable jointly, severally and in solido for their injuries.

Shortly thereafter and prior to serving all defendants, Mr. Poole and Savage filed a motion to transfer and consolidate their lawsuit with the one filed by Ms. Poole. That motion asserts both lawsuits arise out of the same alleged accident, involve the same common issues of law and fact, and consolidation would best service the ends of justice. In granting that motion and invoking interests of justice, efficiency and economy, the presiding state court judge ordered consolidation of both cases for all further proceedings and final disposition.

Thereafter, on July 23, 2018 and pursuant to diversity jurisdiction under 28 U.S.C. §§ 1332, 1441 and 1446, USX removed the new consolidated action. It is apparent that USX sought removal of the entire litigation in order to proceed with a single new or merged proceeding for all purposes, along with treatment of claims against Ms. Poole as "cross-claims" or, alternatively, realigning Ms. Poole as a "plaintiff/defendant-in-cross-claim".

Ms. Poole timely filed the subject motion to remand within thirty dates from the filing of USX's notice of removal as required

by 28 U.S.C. §1447 (c), followed by USX's memorandum opposing remand and USAA's adoption of the latter opposition.

28 U.S.C. § 1332(a)(1) provides that "… district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between … citizens of different States."

It is undisputed that if considering **only** the first lawsuit filed in connection with the June 13, 2017 accident, the plaintiff Ms. Poole and all defendants in that first filed action are completely diverse and the amount in controversy exceeds $75,000. Conversely, if we were considering **only** the second lawsuit filed by plaintiffs Mr. Poole and Savage against all defendants in that action, the parties are not citizens of different States. As one of the defendants in the second lawsuit, Ms. Poole is a citizen of the same state as plaintiffs Mr. Poole and Savage. The state court's consolidation order, for all purposes, merged the two lawsuits into one for full disposition on all claims and defenses.

The state law definition and parameters of "consolidation" guide the federal court's analysis in ruling on the motion to remand. *White v. Fisher-Price, Inc.,* 96-cv-114, 1996 WL 408051, at pp. 3-4 (N.D. Miss. June 24, 1996) (federal court judge reviewed Mississippi law to define "consolidation" and to classify the type of consolidated cases in ruling on a motion to remand). When two

consolidated state court cases are removed, as here, federal courts look to state substantive law to determine the precise effect of consolidation in relation to the remand analysis, namely whether "the state consolidation destroyed the identity of each suit and merged them into one," thereby requiring the complete diversity requirements under Section 1332(a)(1) to be determined based upon the consolidated lawsuit at the time of removal as opposed to the pre-consolidated separate actions. See *Lerille v. Monsanto Corp.*, 07-3621, 2007 WL 2284570, at *2 (E.D. La. Aug. 6, 2007); *In re MTBE Products Liability Litigation,* 399 F.Supp.2d 340, 353 (S.D.N.Y. 2005); See also *Tonyco, Inc. v. Equity Marketing, Inc.*, No. 99-74995, 2000 WL 654957, at *3 (E.D. Mich. Apr. 25, 2000) (finding that had the actions been consolidated in state court, as opposed to federal court, making the amount in controversy sufficient for purposes of diversity jurisdiction, removal would have been appropriate); *Bley v. Travelers Ins. Co.*, 27 F.Supp. 351, 356 (D. Ala. 1939) (distinguishing a pre-removal state consolidation order from federal consolidations and finding that the state consolidation destroyed the identity of each suit and merged them into one for purposes of assessing the removability of the new suit).

While a consolidation of lawsuits "for trial purposes only" or for some other limited manner would not typically merge the consolidated claims into a singular suit, a merger of all claims

and all parties occurs when the state court makes clear its intention to join the parties' claims into a single proceeding for all purposes. See, e.g., *Johnson v. Shafor*, 22 So.3d 935, 941 (La. App. 1st Cir. 2009). As seen earlier, the state court order here declares a consolidation for all further proceedings, including final disposition.

"While a consolidation may not in every respect merge separate actions into a single suit, we see no reason why a proper consolidation [as here] may not cause otherwise separate actions to thenceforth be treated as a single judicial unit …" *Ringwald v. Harris*, 675 F.2d 768, 771 (5th Cir. 1982); see also *Corpus Juris Secundum, Actions*, vol. 1, p. 1341, Sec. 107 (identifying the differing types of consolidation, i.e., "trial of several actions together" vs. the merging of two or more actions into one so that they lose their separate identity).

The state court order in this matter did not limit consolidation for either discovery or trial purposes only or in any other manner. The two lawsuits became fully merged into a single action for all further proceedings and final disposition, all prior to the instant removal.

Defendant USX's Notice of Removal notes that the two initial lawsuits and all related claims have been fully merged into a single proceeding pursuant to Judge Cates' Consolidation Order.

Rec. Doc. 1 at ¶ 23 and fn 25. USX acknowledges that a merger of claims does occur when the parties clearly demonstrate an intention to join their claims into a single proceeding for all purposes, which is what occurred here. Id.

Jurisdiction must be based on the posture and the claims as they existed at the time of removal. See e.g. *Cavallini v. State Farm Mutual Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995). We decline defendants' post-removal request to adjust claims, realign parties, or question the appropriateness of pre-removal state-ordered consolidation in this instance as unconvincing. The state court-consolidation order has Louisiana plaintiffs on one side with at least one Louisiana defendant on the other side. Complete diversity was lacking at the time of USX's removal.

USX seeks to treat one of the two original lawsuits as a separate, individual action in an effort to establish supplemental jurisdiction over the other action after realigning the parties or reframing certain claims as cross-claims, all post-removal. To the extent USX also implies conspiratorial machinations between Ms. Poole and others to avoid removal jurisdiction, we reject the implication as unfounded. The record shows that Mr. Poole and Savage chose to file the second lawsuit rather than intervene in the first lawsuit. That is a right the law allows them, and others similarly situated to exercise. There was nothing unorthodox in

6

the exercise of that right. They alone are plaintiffs in the second lawsuit. In ordering consolidation, the state court chose not to realign the parties or otherwise redefine certain claims as cross-claims or counterclaims. Access to justice takes many avenues. The rightful options and selections allowed under law do not implicate fraud or collusion. For reasons given above and out of respect for our state court colleague, we also decline the invitation to change the import of the state court order and reframe the consolidated action retroactively after removal to satisfy removing defendant's heavy jurisdictional burden. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden.").

The federal removal statute is strictly construed in favor of remand and any doubts or ambiguities in the state court petition should be construed against removal. *Manguno*, 276 F.3d at 723 (citing *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000)). Similarly, in "determin[ing] whether the case should be remanded [to state court], the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538

(11th Cir. 1997) (accord *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). See also *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts."). "Where a plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11th Cir. 1994), citing *Boyer v. Snap On Tools Corp.*, 913 F.2d 108 (3rd Cir. 1990); *Coker v. Amoco Oil Company*, 709 F.2d 1433 (11th Cir. 1983). Because removal jurisdiction based upon diversity jurisdiction implicates federalism concerns, all ambiguities in these sorts of instances must be construed in favor of remand. *Barker v. Hercules Offshore, Inc.,* 713 F.3d 208, 212 (5th Cir. 2013).

All of the above fundamental jurisdictional principles favor remanding this particular case to state court.

New Orleans, Louisiana this 27th day of March 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE